IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAPREE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civ. No. 1:14-cv-1684 |
| ) | |
| ALLEGHENY COUNTY, and ) | Judge Maurice B. Cohill |
| ALLEGHENY COUNTY DEPARTMENT OF, ) | |
| EMERGENCY SERVICES, ) | |
| ) | |
| Defendants. ) | |

## OPINION

Pending before the Court is Allegheny County's and Allegheny County Department of Emergency Services' (hereinafter "Defendants") Motion to Dismiss the Amended Complaint [ECF No. 8] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its Motion to Dismiss, the Defendants claim that Plaintiff's Amended Complaint [ECF No. 7] should be dismissed because the claims in the Complaint are time-barred, Plaintiff failed to state a claim on which relief can be granted, and Plaintiff's claims for punitive damages are barred.

Plaintiff, Dapree Thompson (hereinafter "Plaintiff"), is an adult African-American who began working for the Allegheny County Department of Emergency Services ("ACDES") in 2003 and continues to be employed by ACDES [ECF No. 7 at ¶ 8, 9]. Plaintiff works as a dispatcher who receives 9-1-1 calls and then relays them to emergency services in the field [ECF No. 7 at ¶ 8, 9]. Plaintiff, in her Amended Complaint, alleged various discriminatory treatments which she endured and continues to endure in her workplace. Plaintiff avers the Motion to Dismiss should be denied because her claims are not time-barred. She states the employer's

illegal behaviors are continuous and ongoing. Furthermore, Plaintiff asserts that the claims for Discrimination, Hostile Work Environment, and Retaliation are plausible, legitimate claims.

For the reasons set forth below, Defendants' Motion to Dismiss will be granted.

## I. Standard of Review.

In ruling on a Rule 12(b)(6) Motion for Failure to State a Claim upon which Relief can be Granted, a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)); (see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007)). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "Factual allegations [of a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550

U.S. at 556). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. See 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 555 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips, "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## II. Relevant Facts.

Plaintiff provided the following facts in her Amended Complaint [ECF No. 7]: In 2011

Plaintiff was promoted to the position of lead trainer [ECF No. 7 at ¶ 10]. However, despite requesting to have trainees, Plaintiff has never been given a single trainee while the other Non-African-American trainers have been given several trainees [ECF No. 7 at ¶ 11].

In November of 2011, while Plaintiff was on the phone with an emergency unit that was in the field, someone from that unit called her a "nigger." Plaintiff complained to ACDES about being called a "nigger." Although management said they would investigate the matter, to date no investigation was ever conducted and no culprit identified [ECF No. 7 at ¶ 13].

From 2011 onward, Plaintiff is frequently made to work mandatory overtime, while Non-African-American workers would often be granted exemptions from working mandatory overtime [ECF No. 7 at ¶ 14].

In November 2012 Plaintiff argued with a white female co-worker. Plaintiff and the co-worker walked away from the argument peacefully. Plaintiff was suspended from work for 5 days due to the incident but the white co-worker was not suspended [ECF No. 7 at ¶ 15].

In October of 2013 a manager reprimanded Plaintiff for speaking too fast while taking calls. Plaintiff worked in the same position for 10 years and was never before told that she spoke too fast [ECF No. 7 at ¶ 16].

From 2009 to present, Plaintiff and other African-American co-workers were specifically assigned to receive calls from the inner city because ACDES believes African-American workers are better able to communicate with African-American callers from the inner city. ACDES said Plaintiff can speak "ghetto" like the inner-city callers [ECF No. 7 at ¶ 17-19].

On January 25, 2014 Plaintiff filed a formal charge with the Equal Employment Opportunity Commission ("EEOC") and on September 8, 2014 Plaintiff was issued a right to sue

4

letter by the Department of Justice ("DOJ") [ECF No. 7 at ¶¶ 20, 21]. On January 20, 2015 Plaintiff filed the 6-count Amended Complaint [ECF No. 7]. In her Amended Complaint she alleges Count I – Racial Discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955; Count II Racial Discrimination in violation of Title VII of the Civil Rights Act of 1964; Count III – Hostile Work Environment based on racial discrimination under PHRA; Count IV - Hostile Work Environment based on racial discrimination under Title VII of the Civil Rights Act of 1964; Count V – Retaliation in violation of PHRA; and Count VI - Retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff requests the Court to enter judgment in her favor for loss of income, back wages, front wages, emotional damages, Plaintiff's legal fees, additional punitive damages, and pre-judgment interest, and court costs [ECF No. 7 at 7-8].

In their Motion to Dismiss, Defendants assert that Plaintiff's claims are time barred because there is a statutory deadline of 180-days in the case of PHRA, and 300-days in the case of Title VII from the time of incident to the time of filing a charge with the EEOC. Based on the January 25, 2014 filing date with EEOC, Plaintiff's Title VII claims needed to have occurred after March 31, 2013 and the PHRA claims needed to have occurred after July 29, 2013. Defendants state the Plaintiff only provided three specific instances of discrimination which were the racial slur by responders (November 2011), the suspension for the argument with a co-worker (November 2012), and the reprimand for speaking too fast (October 2013) [ECF No. 9 at 2]. All three instances occurred before the timeframe for filing and, therefore, are time-barred. In addition, Defendants state no retaliatory conduct occurred in the time frame and Plaintiff has not provided any specific time-frame for the other alleged discriminatory conduct [ECF No. 9 at 4-

5

5].

Defendant also asserts that Plaintiff's claims regarding Reprimand and Unfavorable Work Assignment do not rise to the level of adverse employment action [ECF No. 9 at 5] and therefore, fail to state a claim on which relief can be granted. Lastly, Defendants state that punitive damages are only awarded in the case of malice which is not present in this case [ECF No. 9 at 7].

Plaintiff, in her Response in Opposition to Defendant's Motion to Dismiss [ECF No. 11], concedes that the Motion to Dismiss should be granted as to punitive damages, and the exclusion of Plaintiff's suspension and reprimand. However, she claims all other claims stand as they are continuous and ongoing and therefore are not time-barred. Defendants assert that Plaintiff's claim of a "continuous violation" cannot apply to claims of Discrimination and Retaliation. Defendants provide that only a claim of Hostile Work Environment can be asserted as a "continuous violation" and it may toll the time-period for filing an administrative claim [ECF No. 9 at 6]. However, Defendants state that Plaintiff's claim still cannot stand because she has failed to aver that any one action regarding the assignment of training, mandatory overtime, or receiving calls from the inner-city of Pittsburgh took place within the statutory filing periods [ECF No. 9 at 7]. In our Opinion we will only address the continuous and ongoing factual claims which remain; those claims are the assignment of trainees, mandatory overtime, assignment of calls from the inner-city of Pittsburgh, and the lack of investigation into the racial slur.

### III. Legal Analysis.

Under Title VII, "it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual

6

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013). A party seeking relief from discrimination under the PHRA is required by 43 P.S. § 951 et. seq. to exhaust her administrative remedies by filing a timely charge with EEOC. See Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d. Cir. 1999). In a "deferral" state, such as Pennsylvania, plaintiffs are given 300 days to file a Title VII charge with the EEOC from the date of incident. This is an expanded time period from the typical 180-day time frame due to the fact that the Plaintiff is required to exhaust her administrative remedies.

> (e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency; seniority system
> **(1)** A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. 42 U.S.C. § 2000e-5(e)(1)

The extension of time in a deferral state only applies to the Title VII claim and not the PHRA claim, which still requires the 180-day time frame. In a deferral state such as Pennsylvania, plaintiffs must submit their discrimination charge to the EEOC within 300 days of the allegedly discriminatory employment action. See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d

7

Cir. 2000). "The extended limitations period applies only to the federal discrimination claims, however." Burgess-Walls v. Brown, No. CIV.A. 11-275, 2011 WL 3702458, at *4 (E.D. Pa. Aug. 22, 2011). "[O]nce the plaintiff's cause of action has accrued, that is, once the plaintiff has discovered the injury, the statutory limitations period begins to run and the plaintiff is afforded the full limitations period, starting from the point of claim accrual, in which to file his or her claim of discrimination." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1991); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994).

In the case at hand, Plaintiff has asserted claims of Discrimination, Retaliation, and Hostile Work Environment based on her treatment regarding the assignment of trainees, mandatory overtime, assignment of calls from the inner-city of Pittsburgh, and the lack of investigation into a racial slur. Claims of discrimination and retaliation are discrete acts that cannot stand if they do not occur within the statutory time-frame prescribed. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). A discrete act in itself constitutes a separate actionable unlawful employment practice. See id. at 114. Discrete acts include, for example, "termination, failure to promote, denial of transfer, or refusal to hire." Id.

There are some instances where equitable tolling may apply. Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed. See Cada, 920 F.2d at 450. However, there are few exceptions under this rule. Under the principals of equitable tolling, a claim filed beyond the 180–day time limit may be permitted

8

where the defendant actively misleads the plaintiff regarding the cause of action; where extraordinary circumstances prevent the plaintiff from asserting his rights; and where a plaintiff has asserted his rights in a timely fashion, but in the wrong forum. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3rd Cir.1994). The exceptions to allow tolling do not apply in Plaintiff's case. Furthermore, Plaintiff has not provided any specific dates for the acts alleged within the prescribed statutory time period from which to calculate the timeliness of her filing. Therefore, we are in agreement with Defendants that Plaintiff's claims of Discrimination and Retaliation cannot stand absent an allegation of Discrimination or Retaliation within the prescribed time. We will dismiss these claims without prejudice.

On the other hand, the claim of Hostile Work Environment, by virtue of its definition, is different from a Discrimination or Retaliation claim in that to assert the claim of Hostile Work Environment the alleged acts must be ongoing as opposed to a discrete incident. Title VII prohibits sexual harassment that is "sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her [race], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013). Furthermore, to determine whether an environment is hostile, a court must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

That having been said, under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts 'can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir.2006) (citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 105 (explaining court may consider "entire scope of a hostile work environment claim ... so long as any act contributing to that hostile environment takes place within the statutory time period")). A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice and cannot be said to occur on any particular day. See Morgan, 536 U.S. at 115–17. To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period. See Morgan, 536 U.S. at 122.

**Analysis**

To reiterate what was stated above, on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A court must accept as true all of the factual allegations contained in a complaint, however, that requirement does not apply to legal

conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Based on the law and arguments provided by the Parties, we find that Plaintiff has failed to state a claim upon which relief can be granted. The Defendants' Motion to Dismiss will be granted without prejudice.

The crux of the argument in this case is whether Plaintiff's claims may withstand Defendant's Motion to Dismiss based on whether the alleged occurrences of Discrimination, Retaliation, and Hostile Work Environment took place within a prescribed statutory timeframe. Plaintiff asserts that the ongoing discriminatory treatment of her in the workplace allows her claims to stand. Defendants state that the law does not provide for the tolling of time on the Discrimination and Retaliation claims and that Plaintiff has not provided a date for the Hostile Work Environment claim from which to begin the tolling, therefore, none of her claims can stand.

We find that the claims of Discrimination and Retaliation require a discrete date of occurrence that was alleged to occur during the statutory time-frame allowable before filing with the EEOC. In this case, Plaintiff would need to allege an illegal occurrence after March 31, 2013 for a Title VII claim and after July 29, 2013 for a PHRA claim. To date Plaintiff has not provided a discrete date for any alleged occurrence. With regard to the Hostile Work Environment, while we recognize the violations claimed by Plaintiff are alleged to be ongoing, we remain steadfast in our requirement that Plaintiff must assert in her Complaint that at least part of the violation must have occurred in the statutory time-frame. In other words, Plaintiff must assert that during the statutory time-frame she requested to be assigned a trainee and was denied while non-African-American employees at her level were assigned trainees; and/or that

11

she was forced to work mandatory overtime while other non-African-American employees were not; and/or that she was assigned calls from the inner-city of Pittsburgh while other non-African-American employees were not; and/or that she continued to press for an investigation into the racial slur and was denied. In addition, to withstand a Motion to Dismiss or a Motion for Summary Judgment challenge, Plaintiff must provide factual support for her claim of Hostile Work Environment that her alleged treatment by her employer caused her to suffer intentional discrimination because of her race; the discrimination was severe or pervasive; the discrimination detrimentally affected her; the discrimination would detrimentally affect a reasonable person in like circumstances; and the existence of *respondeat superior* liability. Plaintiff has not satisfied these requirements in her Amended Complaint. We will, therefore, grant the motion to dismiss for all Counts in the Amended Complaint.

## IV. Conclusion.

Plaintiff has not provided the Court with facts that under the laws allow this Court to consider the allegations under the law. Because Plaintiff has failed to provide sufficient factual allegations to state a claim on which relief may be granted, Defendant's Motion to Dismiss will be granted, without prejudice.

An appropriate Order follows.

April 6, 2015

Maurice B. Cohill, Jr.
Senior District Court Judge